UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

IN RE: PROCEDURE FOR RETROACTIVE APPLICATION OF AMENDMENT 782 TO THE UNITED STATES SENTENCING GUIDELINES REDUCING DRUG OFFENSE LEVELS EFFECTIVE NOVEMBER 1, 2014

### STANDARD PROCEDURAL ORDER

This Standing Procedural Order governs motions for reduction of sentence pursuant to 18 U.S.C. §3582(c)(2) and U.S.S.G. §1B1.10, as amended effective November 1, 2014. This Order deals with retroactive Amendment 782 to the Sentencing Guidelines for drug offense levels.

I. CASE INITIATION PROCEDURE

The United States Probation Office is authorized to review all cases in this district identified by the U.S. Sentencing Commission, Administrative Office of the U.S. Courts, U.S. Probation Office Database, Federal Public Defender's Office, or a motion to reduce sentence filed *pro se* or by counsel. This Standard Procedural Order and the Administrative Order appointing the Federal Public Defender shall be filed by the Clerk of Court's Office in each case.

II. RETROACTIVITY REPORT PROCEDURE

Once identified by the United States Probation Office, the probation office shall prepare a Retroactivity Report in each case and serve that Report on a representative of the United States Attorney's Office and counsel of record for the defendant. Such Report shall include the following:

    a. Defendant's eligibility for reduction in sentence under Amendment 782;

    b. The Guideline calculation from the original sentencing;

    c. Any revised Guideline calculation under a previous retroactive amendment;

    d. A revised Guideline calculation under Amendment 782;

    e. The quantity of drugs used in the revised Guideline calculation

  f. Defendant's current projected release date;

  g. Factors for consideration under U.S.S.G. § 1B1.10:

    i. Public safety considerations;
    ii. Post-sentencing conduct in the B.O.P. including significant disciplinary reports, rehabilitation programs, and educational/vocational programs;

  h. Any other information deemed relevant by the probation office.

A representative from the United States Attorney's Office, the United States Probation Office, and counsel for the defendant shall conference within 120 days of service of the Retroactivity Report to determine if there is any objection to the Report and to determine if all parties agree as to a joint sentencing recommendation to the district court.

If a joint resolution is reached at the conference, the probation office shall prepare an addendum to the Retroactivity Report setting forth that all parties are in agreement as to the revised guideline calculation and setting forth the joint sentencing recommendation.

If a joint resolution is not reached at the conference, any objecting party shall submit its written objection(s) to the United States Probation Office. The United States Probation Office shall prepare an addendum to the Retroactivity Report which shall include any written objection received and any response to an objection by probation office.

After the addendum to the Retroactivity Report is prepared, the probation office shall serve a copy on a representative from the United States Attorney's Office, counsel for the defendant, and the district court.

III. DISTRICT COURT PROCEDURE

Once the Retroactive Report and addendum are submitted to the district court and all parties, each party shall have 30 days to file a sentencing memorandum with the court setting forth his/her position. After the district court acts, either granting or denying the defendant a reduction in

sentence under 18 U.S.C. § 3582(c)(2), the Retroactive Report and addendum shall be filed into the record under seal.

ALEXANDRIA, LOUISIANA, this 4th day of November, 2014

DEE D. DRELL, CHIEF JUDGE
UNITED STATES DISTRICT JUDGE